# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-CR-232

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| JULIAN JAREL MCCOY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Judicial Recommendation on Residential Re-Entry Center Placement (Doc. No. 33).

The Second Chance Act of 2007 provides that the "Bureau of Prisons shall designate the place of the prisoner's imprisonment" and "may designate any penal or correctional facility that meets minimum standards of health and habitability established by the Bureau." 18 U.S.C. § 3621(b). In choosing a facility, the Bureau may consider "any statement by the court that imposed the sentence (A) concerning the purposes for which the sentence of imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate." Id. Several courts, including this one, have held this Act authorizes courts to issue non-binding, strictly advisory placement recommendations. See United States v. Patterson, No. 2:00-CR-187, 2019 WL 127962, at *2 (E.D. Va. Jan. 8, 2019); United States v. Ferguson, No. 6:16-CR-00707-JMC-8, 2018 WL 5095149, at *3 (D.S.C. Oct. 19, 2018); United States v. Cabble, No. 3:09-CR-00084-MOC, 2018 WL 4628324, at *1 (W.D.N.C. Sept. 27, 2018).

Defendant's evidence suggests he has made efforts to improve himself while incarcerated. For example, he asserts that he has taken multiple programs since being in prison to work on his rehabilitation, he has maintained a clean record while in prison, and he is currently enrolled in the 500-hour residential drug abuse program. To the extent this partial report is commensurate with

the remainder of Defendant's record, the Court recommends placement in a Residential Re-Entry Center. Still, the Court emphasizes that this recommendation is not binding; it is the Bureau, not the Court, that is uniquely qualified to determine when a re-entry program is appropriate for incarcerated persons. See Cabble, 2019 WL 4628324, at *2.

## ORDER

**IT IS, THEREFORE, ORDERED** that on Defendant's Motion for Judicial Recommendation on Residential Re-Entry Center Placement (Doc. No. 33) is **GRANTED**. Thus, to the extent that Defendant's full record demonstrates he has made efforts to improve himself while incarcerated, the court **RECOMMENDS** that Defendant be placed in a Residential Re-Entry Center.

Signed: March 30, 2021

Max O. Cogburn Jr.
United States District Judge