# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cr-232-MOC-DSC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| JULIAN JAREL MCKOY, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Release of Funds. (Doc. No. 36).

In his pending motion, Defendant states that he seeks an Order from this Court requiring the BOP to provide him with "the maximum gate money of $500" upon his release from federal detention. Defendant does not reference any statute or policy with respect to "gate money." However, 18 U.S.C. § 3624 provides authority for "release gratuity," a/k/a "gate money" which a departing prisoner may be given:

(d) Allotment of clothing, funds, and transportation.--Upon the release of a prisoner or the expiration of the prisoner's term of imprisonment, the Bureau of Prisons shall furnish the prisoner with—

(1) suitable clothing;
(2) an amount of money, not more than $500, determined by the Director to be consistent with the needs of the offender and the public interest, unless the Director determines that the financial position of the offender is such that no sum should be furnished; and
(3) transportation....

18 U.S.C. § 3624(d). The BOP, in turn, has promulgated 28 C.F.R. § 571.20 Purpose and Scope, which implements the statute, by providing as follows:

> It is the policy of the Bureau of Prisons that an inmate being released to the community will have suitable clothing, transportation to the inmate's release destination, and some funds to use until he or she begins to receive income. Based on the inmates need and financial resources, a discretionary gratuity up to the amount permitted by statute may be granted.

28 C.F.R. § 571. The BOP manual for application of these provisions is Program Statement 5873.06.

The law governing these gratuities is clear. The terms of the statute provide that the maximum sum which a prisoner may be given is $500 and provide that a prisoner may be denied any sum at all. 18 U.S.C. § 3624(d)(2). Most importantly, the statute leaves the amount of the gratuity to be "determined by the Director to be consistent with the needs of the offender and the public interest." Id. Likewise, the BOP regulation implementing the statute refers to the "funds" as "a discretionary gratuity." 28 U.S.C. § 571.20.

Accordingly, the decision for each out-going prisoner is discretionary, must be made by the BOP, must be independently set for each prisoner, and can be any amount up to the $500 maximum. See Palmer v. Bureau of Prisons, 2006 WL 533511, at *2 (D. Or. Mar. 2, 2006) (stating that "gate money to departing inmates ... is merely a discretionary gratuity"); see also Morrow v. Rios, 2009 WL 924525, at *14 (D. Minn. Mar. 31, 2009) ("[W]hether to grant a prisoner a release gratuity, is purely discretionary").

In sum, this Court does not have jurisdiction to address Defendant's request for release of funds. Thus, this matter is dismissed without prejudice to Defendant to seek discretionary release of these funds from the BOP.

Signed: November 24, 2021



Max O. Cogburn Jr
United States District Judge